IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JULES BUCKLEY,

        Plaintiff,                     No. CIV S-11-1310 DAD P

   vs.

HIGH DESERT STATE PRISON, et al.,

        Defendants.            <u>ORDER</u>

                                  /

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

**I. In Forma Pauperis Application**

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. §§ 1914(a) & 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. See 28

1  U.S.C. § 1915(b)(1).  Plaintiff will be obligated to make monthly payments of twenty percent of
2  the preceding month's income credited to plaintiff's prison trust account.  These payments shall
3  be collected and forwarded by the appropriate agency to the Clerk of the Court each time the
4  amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C.
5  § 1915(b)(2).

## II.  Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

/////
/////
/////
/////

### III. Plaintiff's Complaint[1]

Plaintiff has initiated this action by filing a brief two-page, hand written complaint. Therein, plaintiff alleges that on October 26, 2009, he was working in the "vegetable room" using the cutting machine which his supervisor, defendant Ritola, did not properly train plaintiff to use. (Doc. No. 1 at 1.) When plaintiff cut the tip of his finger, defendant Ritola gave plaintiff a bandage and told him to continue working or he would be given a write-up for refusing to work. (Id.) Plaintiff resumed his work but again injured his finger. (Id.) Defendant gave plaintiff permission to go for medical services because he was bleeding so much and the bleeding wouldn't stop. (Id. at 1-2.) Plaintiff was sent to "C.T.C." but they failed to clean or suture his finger which has subsequently not healed properly. (Id. at 2.)

### IV. Discussion

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

/////

---

[1] The court takes judicial notice that plaintiff has previously filed a complaint with this court containing similar allegations. See Buckley v. High Desert State Prison, et al., Case No. CIV S-10-2474 DAD P. On March 29, 2011, plaintiff's complaint filed in that earlier case was dismissed with leave to amend. When plaintiff failed to file an amended complaint within the time provided, his case was dismissed without prejudice on May 10, 2011. Plaintiff's complaint in this action was subsequently filed on May 16, 2011.

If plaintiff chooses to file an amended complaint, plaintiff must allege facts demonstrating how the conditions complained of resulted in a deprivation of his federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In any amended complaint he elects to file, plaintiff must also clarify whether he is attempting to allege that he was deprived of adequate medical care or is challenging the working conditions at his prison job, or both. Plaintiff is also advised of the following legal standards governing such claims.

**A. Medical Care Claim**

The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). In order to prevail on a claim of cruel and unusual punishment, a prisoner must allege and prove that objectively he suffered a sufficiently serious deprivation and that subjectively prison officials acted with deliberate indifference in allowing or causing the deprivation to occur. Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).

Where a prisoner's Eighth Amendment claims arise in the context of medical care, including mental health care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. See also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994); Hoptowit v.

5

1   Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).  An Eighth Amendment medical claim has two
2   elements:  "the seriousness of the prisoner's medical need and the nature of the defendant's
3   response to that need."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on
4   other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).
5           A medical need is serious "if the failure to treat the prisoner's condition could
6   result in further significant injury or the 'unnecessary and wanton infliction of pain.'"
7   McGuckin, 974 F.2d at 1059 (quoting Estelle v. Gamble, 429 U.S. at 104).  Indications of a
8   serious medical need include "the presence of a medical condition that significantly affects an
9   individual's daily activities."  Id. at 1059-60.  By establishing the existence of a serious medical
10  need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation.
11  Farmer v. Brennan, 511 U.S. 825, 834 (1994).
12          If a prisoner establishes the existence of a serious medical need, he must then
13  show that prison officials responded to the serious medical need with deliberate indifference.
14  Farmer, 511 U.S. at 834.  In general, deliberate indifference may be shown when prison officials
15  deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in
16  which prison officials provide medical care.  Hutchinson v. United States, 838 F.2d 390, 393-94
17  (9th Cir. 1988).  Before it can be said that a prisoner's civil rights have been abridged with regard
18  to medical care, however, "the indifference to his medical needs must be substantial.  Mere
19  'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."
20  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at
21  105-06).  See also Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in
22  diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth
23  Amendment rights."); McGuckin, 974 F.2d at 1059 (same).
24  /////
25  /////
26  /////

**B. Prison Working Conditions Claim**

The Eighth Amendment protects prisoners from inhumane conditions of confinement, including in work programs. See Rhodes v. Chapman, 452 U.S. 337, 344-37 (1981). Thus,

> [i]n the working conditions context, the Eighth Amendment is implicated only when a prison employee alleges that a prison official compelled him to "perform physical labor which [was] beyond [his] strength, endanger[ed] his life] or health, or cause[d] undue pain." Morgan [v. Morgensen], 465 F.3d [1041] at 1045 [(9th Cir. 2006)], quoting Berry v. Bunnell, 39 F.3d 1056 (9th Cir. 1994). Resolution of an Eighth Amendment claim entails inquiry into the official's state of mind. Prison officials are liable only if they were deliberately indifferent to a substantial risk of serious harm. Farmer, 511 U.S. at 837.

Howard v. Hedgpeth, Civil No. 08cv00859-RTB(PCL), 2011 WL 386980, at *6 (E.D. Cal. Feb. 3, 2011). As is the case of a claim of inadequate medical care under the Eighth Amendment, the required culpable state of mind of the defendant requires more than mere negligence. Id. If plaintiff wishes to pursue a claim that the conditions at his prison job violated his rights under the Eighth Amendment, he must allege facts explaining what training he believes should have been provided and how the training would have prevented his accident.

**C. Proper Defendants**

Plaintiff is advised that High Desert State Prison is not a proper defendant to name in this action. The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332, 340 (1979); Alabama v. Pugh, 438 U.S. 781, 782 (1978); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). In the instant case, High Desert State Prison has not consented to suit. Therefore, in any amended complaint he elects to file plaintiff should not name the prison as a defendant.

/////

/////

7


**D. Amended Complaint**

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

The court will provide plaintiff with the court's form complaint for a civil rights action. Plaintiff must answer each question posed on the form complaint, including whether plaintiff has exhausted his administrative remedies with respect to his claims prior to filing this action.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's May 16, 2011 application to proceed in forma pauperis (Doc. No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint;" plaintiff must use the form complaint provided by the court and answer each question; failure to file an

/////

amended complaint in accordance with this order will result in the dismissal of this action without prejudice.

5. The Clerk of the Court is directed to provide plaintiff with the court's form complaint for a § 1983 action.

DATED: November 28, 2011.

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
buck1310.14