1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JULES BUCKLEY,

11          Plaintiff,                No. 2:11-cv-01310 DAD P

12      vs.

13   A.E. RITOLA,                     ORDER AND

14          Defendant.                FINDINGS & RECOMMENDATIONS

15   _____/

16          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  Therein plaintiff  alleges that defendant Ritola failed to properly train plaintiff

18   for his prison job which resulted in an injury to plaintiff's finger and that this alleged failure to

19   train was in violation of plaintiff's rights under the Eighth Amendment.  Before the court is

20   defendant Ritola's Rule 12(b) motion to dismiss this action due to plaintiff's failure to exhaust

21   his administrative remedies prior to filing suit as required.

22   **I. Exhaustion Requirement**

23          By the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended 42

24   U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions

25   under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail,

26   prison, or other correctional facility until such administrative remedies as are available are

1

1  exhausted." 42 U.S.C. § 1997e(a).  The exhaustion requirement "applies to all inmate suits about

2  prison life, whether they involve general circumstances or particular episodes, and whether they

3  allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002).

4       The United States Supreme Court has ruled that exhaustion of prison

5  administrative procedures is mandated regardless of the relief offered through such procedures.

6  See Booth v. Churner, 532 U.S. 731, 741 (2001).  The Supreme Court has also cautioned against

7  reading futility or other exceptions into the statutory exhaustion requirement.  See id. at 741 n.6.

8  Moreover, because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA

9  exhaustion requirement by filing an untimely or otherwise procedurally defective administrative

10  grievance or appeal.  See Woodford v. Ngo, 548 U.S. 81, 90-93 (2006).  "[T]o properly exhaust

11  administrative remedies prisoners 'must complete the administrative review process in

12  accordance with the applicable procedural rules,' [] - rules that are defined not by the PLRA, but

13  by the prison grievance process itself."  Jones v. Bock, 549 U.S. 199, 218 (2007) (quoting

14  Woodford, 548 U.S. at 88).  See also Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009)

15  ("The California prison system's requirements 'define the boundaries of proper exhaustion.'")

16  (quoting Jones, 549 U.S. at 218).

17       In California, prisoners may appeal "any policy, decision, action, condition, or

18  omission by the department or its staff that the inmate or parolee can demonstrate as having a

19  material adverse effect upon his or her health, safety, or welfare."  Cal. Code Regs. tit. 15, §

20  3084.1(a).  Most appeals progress through three levels of review.  See id. § 3084.7.  The third

21  level of review constitutes the decision of the Secretary of the California Department of

22  Corrections and Rehabilitation and exhausts a prisoner's administrative remedies.  See id. §

23  3084.7(d)(3).  A California prisoner is required to submit an inmate appeal at the appropriate

24  level and proceed to the highest level of review available to him.  Butler v. Adams, 397 F.3d

25  1181, 1183 (9th Cir. 2005); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002).

26  /////

1        The PLRA exhaustion requirement is not jurisdictional but rather creates an

2   affirmative defense.  See Jones, 549 U.S. at 216 ("[I]nmates are not required to specially plead or

3   demonstrate exhaustion in their complaints."); Wyatt v. Terhune, 315 F.3d 1108, 1117-19 (9th

4   Cir. 2003).  The defendants bear the burden of raising and proving the absence of exhaustion.

5   Wyatt, 315 F.3d at 1119.  That burden, however, is "very low."  Albino v. Baca, 697 F.3d 1023,

6   1031 (9th Cir. 2012).  The defendants need only show the existence of a grievance procedure that

7   plaintiff did not use.  Id. (citing Hilao v. Estate of Marcos, 103 F.3d 767, 778 n.5 (9th Cir. 1996)

8   and Brown v. Valoff, 422 F.3d 926, 936-37 (9th Cir. 2005)).

9        A prisoner may be excused from complying with the PLRA's exhaustion

10  requirement if he establishes that the existing administrative remedies were effectively

11  unavailable to him.  Albino, 697 F.3d at 1031.  For example, where prison officials improperly

12  screen out inmate grievances, they render administrative remedies effectively unavailable.  See

13  Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010).  In such a case, "the inmate cannot pursue

14  the necessary sequence of appeals . . . ."  Id.  See also Nunez v. Duncan, 591 F.3d 1217, 1226

15  (9th Cir. 2010)  (excusing an inmate's failure to exhaust because he was precluded from

16  exhausting administrative remedies by a warden's mistaken instruction to him that a particular

17  unavailable document was needed for him to pursue his inmate appeal).

18       If the district court concludes that the prisoner has not exhausted administrative

19  remedies and is not excused from doing so, "the proper remedy is dismissal of the claim without

20  prejudice."  Wyatt, 315 F.3d at 1120.  See also Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir.

21  2005).  On the other hand, "if a complaint contains both good and bad claims, the court proceeds

22  with the good and leaves the bad."  Jones, 549 U.S. at 221.

23  **II.  Defendant's Motion to Dismiss**

24       Defendant Ritola argues that plaintiff did not exhaust his administrative remedies

25  failed to pursue his administrative inmate appeal to the third level of review.  According to J.D.

26  Lozano, the Chief of the Office of Appeals (OOA) for the California Department of Corrections

3

and Rehabilitation (CDCR), between October 26, 2009 (when plaintiff allegedly sustained his injury) and May 16, 2011 (when plaintiff's complaint was received by this court for filing), plaintiff did not submit any inmate appeals that were accepted by the OOA for a third level review.  (Doc. No. 16-3, ¶ 3 at 1.)  Plaintiff did submit inmate appeals (HDSP-09-02298) on October 26, 2009 and May 16, 2001 to the OOA but they were rejected because plaintiff had failed to pursue his appeal at the second level of review before proceeding to the third level of review.  (Id. ¶¶ 5-6 at 2.)

Appeals Coordinator Cornelison has submitted a declaration confirming that plaintiff submitted an inmate appeal at the first level of review.  (Doc. No. 16-4 at 2.)  Inmate log #HDSP-09-02298 is attached to Cornelison's declaration and in that inmate appeal, plaintiff complained that he was injured while assigned to his prison job and operating the vegetable cutting machine.  (Id. at 4.)  Therein, plaintiff requested workers compensation and training for prisoners operating the cutting machine.  (Id.)  On December 1, 2009, at the informal level of review, plaintiff's inmate appeal was partially granted as follows:

> **Partially Granted** - All paperwork involving your accident has been turned into the proper channels.  It is up to the claim workers to determine compensation for the injury.

> **Granted** - You started your job on 7/23/2009.  You signed your job description upon initial training, and since, have been trained on several other occasions.  Training will continue and is an essential function of your job.  Thank you for your participation.

(Id. at 8.)  At the first level of review, plaintiff's inmate appeal was again partially granted with the following decision being rendered:

> Your papers for Workers Compensation have been filled out, completed and submitted as required and will be reviewed per procedure.  Workers Compensation will review your claim and contact you with their finding; this part of your claim is partially granted.  C. Ritola, Correctional Supervising Cook, has a copy of the tailgate safety training which state you were present during training or equipment, therefore training has been conducted.

(Id. at 9.)

4

1    According to Appeals Coordinator Cornelison, plaintiff did not pursue his inmate

2    appeal to the second level of review and if he had done so, "the institution could have provided

3    him with additional relief such as additional training." (Id. at 2.)

4    **III.  Plaintiff's Opposition** (Doc. No. 18)

5    Plaintiff failed to file a timely opposition to the pending motion to dismiss.  On

6    March 12, 2013, the court ordered plaintiff to file his opposition to defendant's motion and to

7    show cause why sanctions should not be imposed due to his failure to file a timely opposition.

8    (Doc. No. 17.)  On April 24, 2013, plaintiff filed his opposition and  asserted that his opposition

9    was filed late because he suffers from a mental illness, had limited access to the law library and

10   that his institution of confinement was experiencing staff shortages and lockdowns.  (Doc. No.

11   18 at 3.)

12   Plaintiff acknowledges that he submitted inmate grievances regarding the incident

13   in question at both the informal and first level of review at High Dessert State Prison.  (Id. at 4.)

14   However, plaintiff contends that because he lacks knowledge about the law and relies on the

15   assistance of other inmates, it is the court's responsibility to protect the rights of mentally ill

16   inmates such as himself.  (Id. at 4-5 & 7.)

17   **IV.  The Parties' Replies** (Docs. No. 19 and 21)

18   In his reply, defendant Ritola argues that the pending motion to dismiss should be

19   granted because plaintiff has failed to present any legal argument justifying his failure to exhaust

20   administrative remedies prior to filing suit as required.  (Doc. No. 19 at 2.)  Defendant also

21   points out that plaintiff does not dispute the fact that he did not pursue administrative review of

22   his inmate grievance past the first formal level.  (Id.)  Defendant argues that in the decision at the

23   first level of review, plaintiff was advised that he could appeal to the second level and that the

24   exhaustion of administrative remedies prior to filing suit is mandatory.  (Id.)

25   /////

26   /////

1    In his unauthorized response to defendant's reply[1], plaintiff again asserts that he is

2    a mentally ill inmate and that due to "the corrupt pracitices [sic] of the system . . . nothing would

3    be done about what took place against the plaintiff . . . ." (Doc. No. 21 at 2.)  Without providing

4    any details or substantiation, plaintiff also baldly asserts that the institution delayed his inmate

5    appeal in some way and explains that he was on medication at the time.  (Id. at 2-3.)

6    **V. Discussion**

7    The documents submitted in connection with the pending motion reflect that

8    plaintiff submitted an inmate appeal about the lack of training at his workplace at both the

9    informal and first level of review but never pursued that grievance to the second level of review

10   or beyond.  Plaintiff did attempt at one point to proceed from the first level of review directly to

11   the third level of review on his grievance, but those appeals were properly rejected due to his

12   failure to comply with the governing regulations which required him to pursue an appeal at the

13   second level before proceeding to the third level of review.  Plaintiff was also specifically

14   advised in the decision rendered at the first level of review in response to his grievance as

15   follows:  "If you are dissatisfied with this decision, you may appeal to the Second Level by

16   following the directions on the back of your CDCR 602 form." (Doc. No. 16-4 at 9.)  The 602

17   form explains that the second level appeal must be submitted within 15 days of receipt of the first

18   level response.  (Id. at 7.)

19   In opposing the pending motion to dismiss, plaintiff has made several conclusory

20   assertions as to why he was not able to exhaust administrative remedies including, his mental

21   illness and presumably associated medication, limited access to the law library, corrupt practices

22   by prison officials, and institutional delays.  Plaintiff's contentions in this regard are not

23   supported by any evidence, factual information or details as to how these alleged conditions

24   prevented plaintiff from pursuing his administrative remedies through the third level of review

25   _____

26   [1]  Although the court did not grant leave for plaintiff to file a reply to defendant's reply,
the court has nonetheless considered plaintiff's unauthorized pleading in light of his pro se status.

1    prior to filing suit.  Despite plaintiff's alleged difficulties, the record reflects that he was able to

2    initiate his inmate grievance and pursue administrative review.  It is unclear why plaintiff could

3    not submit an appeal to the second level when he was able to submit his appeals at the informal

4    level and the first formal level of review.  The instructions clearly stated in the written decision

5    issued at the first level appeal that if plaintiff was dissatisfied with that decision, he needed to

6    proceed to the second level of review.  In addition, although the grievance at the first level was

7    partially granted, it is clear that plaintiff's claim concerning his alleged lack of training on the

8    machinery in question was rejected.  In this regard, that decision concluded as follows:

9                C. Ritola, Correctional Supervising Cook, has a copy of the tailgate
             safety training which state [sic] you were present during training of
10            equipment, therefore training has been conducted.

11   (Id. at 9.)

12           Thus, the court concludes that defendant has carried his burden of raising and

13   proving that plaintiff failed to exhaust administrative remedies prior to filing this action as is

14   required.  See Jones, 549 U.S. 216; Wyatt, 315 F.3d at 1117-19.  Plaintiff has not responded by

15   showing that the second level of review and beyond was unavailable to him.  Plaintiff's bare

16   assertions that his efforts to exhaust were thwarted are insufficient.  See Tubach v. Lahimore, No.

17   1:10-cv-913 AWI SMS (PC), 2012 WL 4490792 (E.D. Cal. Sept. 28, 2012) ("Plaintiff's bare

18   assertion that her grievances were not processed and that Defendant was abusing his authority

19   and stopping grievances is insufficient to defeat Defendant's motion."); Barrett v. Cate, No. 1:09-

20   cv-01741 LJO JLT (PC), 2011 WL 6753993, at *10 (E.D. Cal. Dec. 23, 2011) (plaintiff should

21   not be excused from the exhaustion requirement where he failed to provide any evidence that he

22   used the grievance procedure to challenge the screening decision, or to show that prison officials

23   thwarted his efforts to utilize the prison grievance procedure); Jones v. Plessas, No. 2:09-cv-2133

24   KJM KJN P, 2011 WL 5593038, at *6 (E.D. Cal. Nov. 16, 2011) (plaintiff failed to demonstrate

25   that his administrative remedies were unavailable when he made only a conclusory assertion that

26   officials destroyed or mishandled his appeals but failed to identify which of his screened-out

1  appeals would have exhausted his claims); <u>Lipsey v. Reaume</u>, No. CV 08-7515-DOC (JEM),

2  2010 WL 3397046, at *7 (C.D. Cal. July 23, 2010) ("Plaintiff has not demonstrated that he has

3  taken 'reasonable and appropriate steps' to exhaust administrative procedures.  Filing defective

4  informal appeals and failing to file a formal first level appeal, either initially or after his informal

5  appeals were returned or ignored, are not 'reasonable and appropriate steps.'"), <u>adopted by</u> 2010

6  WL 3419668 (C.D. Cal. Aug. 25, 2010); <u>Godoy v. Wadsworth</u>, No. CV 05-02913 NJV, 2010

7  WL 366640 at *6 (N.D. Cal. Jan. 26, 2010) ("The record is not sufficient to excuse exhaustion

8  where Plaintiff hasn't shown that administrative procedures were unavailable, that prison

9  officials obstructed his attempt to exhaust or that he was prevented from exhausting because

10 procedures for processing grievances weren't followed.") (internal quotation marks omitted).

11 Accordingly, defendant's motion to dismiss should be granted.

12        For all the reasons set forth above, defendant Ritola's motion to dismiss this

13 action due to plaintiff's failure to exhaust his administrative remedies prior to filing suit as

14 required should be granted.

15 **VI.  Conclusion**

16        Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to

17 randomly assign this case to a District Judge.

18        Also, IT IS HEREBY RECOMMENDED that:

19        1.  Defendant's January 28, 2013 motion to dismiss (Doc. No. 16) be granted; and

20        2.  This action be dismissed without prejudice due to plaintiff's failure to exhaust

21 administrative remedies prior to filing suit.

22        These findings and recommendations are submitted to the United States District

23 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

24 one days after being served with these findings and recommendations, any party may file written

25 objections with the court and serve a copy on all parties.  Such a document should be captioned

26 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 15, 2013.

Dale A. Drozd

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
buck1310.mtd