IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JULES BUCKLEY,

      Plaintiff,                        No. 2:11-cv-01310 KJM DAD P

     vs.

A.E. RITOLA,

      Defendant.                    <u>ORDER</u>

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

        On May 16, 2013, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty-one days. Neither party has filed objections to the findings and recommendations.

        The court presumes that any findings of fact are correct. *See Orand v. United States,* 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir.

1

1983).  Having carefully reviewed the file, the court declines the adopt the findings and recommendations, as discussed below.

In his amended complaint, plaintiff alleges that he injured his finger while operating a machine for slicing vegetables as part of his job in the prison kitchen and that defendant Ritola, his supervisor, had not properly trained him to use the equipment.  He also alleges Ritola delayed in sending him for medical treatment.  First Amended Complaint, ECF No. 9 at 4-6.   Defendant Ritola acknowledges that the issues raised in the First Amended Complaint are encompassed in a grievance assigned Log Number HDSP-A-09-02298, dated October 30, 2009.  Motion to Dismiss, ECF No. 16-1 at 4; Declaration of B. Cornelison, ECF No. 16-4, Ex. A at 4.  In that grievance, plaintiff asks for worker's compensation and for training, both for himself and others, "on how to use cutters."  *Id*. at 4, 6.

At the informal level, the grievance was partially granted because "paperwork involving your accident has been turned into the proper channels.  It is up to the claim workers to determine compensation for the injury," and granted because plaintiff had already received training on several occasions.  ECF No 16-4 at 8.  Plaintiff appealed to the first level, which again said that the appeal was partially granted because "[y]our papers for Workers Compensation have been filled out, completed and submitted as required . . . .  Workers Compensation will review your claim and contact you with their finding; this part of your claim is partially granted."  ECF No. 16-4 at 9.  It continued that "training has been conducted."  *Id*.  The first level concluded with the phrase "If you are dissatisfied with this decision, you may appeal to the Second Level by following the directions on the back of your CDCR 602 form."  *Id*.

It is undisputed that plaintiff did not seek second level review.  He attempted to submit this grievance to the Director's Level, but it was screened out for failure to pursue it at the second level.  Declaration of J.D. Lozano, ECF No. 16-3 ¶ 6.

/////

1        The Prison Litigation Reform Act (PLRA) provides that "no action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  To satisfy the exhaustion requirement, a grievance must alert prison officials to plaintiff's claims by including the level of detail required by the prison's grievance process.  *Jones v. Bock*, 549 U.S. 199, 218 (2007) (stating that "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion");  *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002) (stating that purpose of exhaustion requirement is to give officials "time and opportunity to address complaints internally before allowing the initiation of a federal case").

        Proper exhaustion of available remedies is mandatory, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . ." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).  For a remedy to be "available," there must be the "possibility of some relief. . . ."  *Booth*, 532 U.S. at 738.

        California prison regulations provide administrative procedures in the form of one informal and three formal levels of review to address an inmate's claims.  *See* Cal. Code Regs. tit. 15, §§ 3084.1-3084.7.  Administrative procedures generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims. Cal. Code Regs. tit. 15, § 3084.1(b).

        Defendants bear the burden of proving plaintiff's failure to exhaust.  To bear this burden:

> a defendant must demonstrate that pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process.  Relevant evidence in so demonstrating would include statutes, regulations, and other official directives that explain the scope of the administrative review process; documentary or testimonial evidence from prison officials who administer the review process; and information provided to the prisoner concerning the operation of the grievance procedure in this case,. . . .  With regard to the latter category of evidence, information provided the prisoner is pertinent because it informs

our determination of whether relief was, as a practical matter, "available."

*Brown v. Valoff*, 422 F.3d 926, 936-37 (9th Cir. 2005).

In this case, both the informal and first level responses to plaintiff's grievance informed him that his request for training was granted because training had been provided and that his request for worker's compensation was partially granted because the appropriate paperwork had been submitted for review of the claim. Defendant does not suggest that any further avenues of relief were available as to plaintiff's request for compensation, but does say through Cornelison's declaration that "[h]ad inmate Buckley pursued his appeal to the second level of review, the institution could have provided him with additional relief such as additional training." ECF No. 16-4 ¶ 5. This tentative conclusory statement is an insufficient basis for the court to conclude that relief was "as a practical matter" available. The advisement at the end of the response, informing plaintiff that he could pursue additional review if he were unsatisfied, appears to be nothing more than "standard language and not a clear indication that further relief was available to Plaintiff." *Foster v. Verkouteren*, Civ. No. 08cv0554, 2009 WL 2485369, at *5 (S.D. Cal. Aug. 12, 2009); *see also Walker v. Whitten*, No. CIV 2:09-643 WBS GGH (E.D. Cal. Apr. 18, 2011) (collecting cases that have found similar language insufficient to meet defendant's burden of showing that further relief remained available).

Accordingly, IT IS HEREBY ORDERED that:

1. The court declines to adopt the findings and recommendations issued May 16, 2013;

2. Defendant's January 28, 2013 motion to dismiss (Doc. No. 16) is denied; and

3. This action is referred back to the magistrate judge for further proceedings.

DATED: August 5, 2013.

_____
UNITED STATES DISTRICT JUDGE

4